IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JOHN DOE,                                          Case No.:

     Plaintiff,

-v-                                                Jury Demanded

EAGLE VILLAGE, INC., and
DEZMOND HANNA,

     Defendants.

## **COMPLAINT**

NOW COMES the Plaintiff, John Doe, by and through his attorneys, Law Office of Kevin J. Golden, and for his Complaint against Eagle Village, Inc. and Dezmond Hanna, states as follows:

## **INTRODUCTION**

1.     This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. Plaintiff also brings related state law claims.

2.     During the period the minor Plaintiff was a ward of the Circuit Court of St. Joseph County, Michigan and placed into the custody of the defendant, Eagle Village, Inc., he was subject to abuse and misconduct by employees of the defendant.

## **JURISDICTION AND VENUE**

3.     The Court has jurisdiction of this action pursuant to pursuant to 28 U.S.C. §§1331 and supplemental jurisdiction over the state law claims pursuant to §§ 1367.

4.     Venue is proper under 28 U.S.C. §1391(b) in that the defendant facility resides in the district and the events giving rise to the claims asserted herein all occurred within this district.

**THE PARTIES**

5.      The plaintiff, John Doe, is an individual who, while a minor, came under the care and supervision of the defendant facility as a ward of the Circuit Court of St. Joseph County, Michigan.

6.      The defendant, Eagle Village, Inc. ("EVI") was a domestic non-profit corporation with its principal place of business in Osceola County, Michigan,

7.      The defendant, EVI, owned, operated, and/or managed residential foster care facilities in Michigan. This included a residential foster care facility located at 17106 West Village Road, Hersey, MI 49639, commonly referred to as "Eagle Village Hainley", and a residential foster care facility located at 4991 165th Ave., Hersey, MI 49639, commonly referred to as "Eagle Village Gerber-Putnam".

8.      The defendant, Dezmond Hanna, is an individual who, on information and belief, is a resident of the state of Michigan. During the relevant time period, Hanna was an employee, actual agent, implied agent, and/or apparent agent of Eagle Village, Inc.

**FACTS COMMON TO ALL COUNTS**

9.      At all times relevant, EVI operated Eagle Village Hainley ("EVH"), which focused on intensive stabilization of foster children. EVH primarily housed at-risk youth particularly susceptible to untoward influence and abuse.

10.      At all times relevant, EVI operated Eagle Gerber-Putnam ("EVGP"), which focused on high intensity mental health behavioral stabilization of foster children. EVGP primarily housed at-risk youth particularly susceptible to untoward influence and abuse.

2

11.    At all times relevant, EVI had a duty to operate EVH and EVGP in a manner consistent with the Licensing Rules for Foster Family Homes and Foster Family Group Homes For Children promulgated by the Michigan Department of Health and Human Services.

12.    The plaintiff was born on March 18, 2004.

13.    Prior to May 7, 2020, the minor plaintiff was in the custody of the Circuit Court of St. Joseph County, Michigan.

14.    Starting on or about May 7, 2020, and continuing through August 1, 2020, the minor plaintiff was placed into the custody of EVI by the Circuit Court of St. Joseph County, Michigan.

15.    During this time period, EVI undertook to provide day to day foster care services, which included constant supervision, protection, and medical care.

16.    During this time period, EVI was obligated to hire individuals who were statutorily qualified to protect the residents of its facilities, including the minor plaintiff, from abuse and neglect, and to otherwise ensure their health, safety, and welfare while in foster care.

17.    During this time period, EVI was obligated to train its agents and employees so that they could competently and lawfully carry out EVI's foster care functions. This included protection of the residents of its facilities, including the minor plaintiff, from abuse and neglect, and to otherwise ensure their health, safety, and welfare while in foster care.

18.    During this time period, EVI was obligated to train its agents and employees to identify abuse of minor residents and to train its agents and employees with respect to their reporting obligations for same.

19.    During this time period, EVI had an official policy or custom of not training its agents and/or employees with respect to the identification of abuse of residents.

3

20.    During this time period, EVI had an official policy or custom of dissuading its agents and/or employees from fulfilling their reporting obligations with respect to abuse.

21.    On or about May 7, 2020 until June 11, 2020, EVI placed the minor plaintiff at EVH.

22.    On or about June 11, 2020, EVI placed the minor plaintiff at EVGP.

23.    At all times relevant, Dezmond Hanna, was an employee of EVI.

24.    Prior to beginning work at EVI, Hanna did not have any background, training, or experience working with the foster care population and did not have any background, training, or experience supervising at risk youth.

25.    During the period of Hanna's employment, employees of EVI who had a duty to report abuse had an opportunity to observe Hanna interact with youth residents.

26.    During the period of Hanna's employment, employees of EVI who had a duty to report abuse had an opportunity to observe that Hanna had a habit of ignoring boundaries with the youth residents.

27.    During the period of Hanna's employment, employees of EVI who had a duty to report abuse had an opportunity to observe that Hanna had a habit of engaging in inappropriate touching of youth residents.

28.    Despite actual and/or constructive knowledge of Hanna's habit of inappropriate behavior, he was retained as an employee by EVI.

29.    Despite actual and/or constructive knowledge of Hanna's habit of inappropriate behavior, he was never reprimanded by EVI.

30.     Despite actual and/or constructive knowledge of Hanna's habit of inappropriate behavior, employees of EVI failed to fulfill their reporting obligations with respect to abuse due to the custom and or policy implemented by EVI.

31.     During the period of the minor plaintiff's residency, Hanna was assigned to work at EVGP and was one of the employees and/or agents responsible for supervising and caring for the minor plaintiff.

32.     During the period of the minor plaintiff's residency, employees of EVI were assigned to staff EVGP and would interact with the minor plaintiff and Hanna.

33.     During the period of the minor plaintiff's residency, employees of EVI had the opportunity to observe interaction between the minor plaintiff and Hanna, and specifically had the opportunity to observe inappropriate conduct by Hanna towards the minor plaintiff.

34.     During the period of the minor plaintiff's residency, employees of EVI assigned Hanna to supervise the minor plaintiff despite knowing that Hanna had a habit of ignoring boundaries with youth residents.

35.     During the period of the minor plaintiff's residency, employees of EVI assigned Hanna to supervise the minor plaintiff despite knowing that Hanna had a habit of engaging in inappropriate touching of youth residents.

36.     During the period of the minor plaintiff's residency, employees of EVI assigned Hanna to supervise the minor plaintiff despite knowing that Hanna had a habit of engaging in inappropriate conduct towards the minor plaintiff.

37.     During the period of the minor plaintiff's residency, defendant Hanna would engage in "grooming" behavior, which included, but was not limited to, providing food to the minor plaintiff and allowing the minor plaintiff to use his cell phone.

38. During the period of the minor plaintiff's residency, defendant Hanna would take the plaintiff to secluded areas, which included, but was not limited to, the basement of defendant facility, where he would engage in appropriate behavior towards the minor plaintiff.

39. During the period of the minor plaintiff's residency, employees of EVI assigned Hanna to transport the minor plaintiff to medical appointments.

40. Hanna would be assigned to transport the minor plaintiff to his medical appointments without supervision and/or without other EVI employees or residents being present.

41. During the period of the minor plaintiff's residency, employees of EVI became aware that Hanna was engaging in suspicious behavior with respect to transportation of the minor plaintiff to his medical appointments, which included, but was not limited to, Hanna taking excessively long time to transport the minor plaintiff to and from medical appointments.

42. The employees of EVI confronted Hanna about the length of time he was taking transporting the minor plaintiff to and from medical appointments but neglected to inquire of the minor plaintiff the circumstances of the transportation to and from the medical appointments.

43. During the period that Hanna was assigned to transport the minor plaintiff to medical appointments unsupervised, Hanna would engage in inappropriate and unwanted behavior towards the minor plaintiff, which included, but was not limited to, inciting conversation about sexually explicit issues, telling the minor plaintiff that he was bisexual, inappropriately touching the minor plaintiff, performing oral sex on the minor plaintiff, and attempting to engage in anal sex with the minor plaintiff.

44. The employees of EVI failed to report Hanna despite having reasonable suspicious he was engaging in abuse and/or misconduct.

45.     The employees of EVI retained Hanna despite having reasonable suspicious he was engaging in abuse and/or misconduct.

46.     The employees of EVI continued to assign Hanna to transport the minor plaintiff to his medical appointment unsupervised despite having reasonable suspicious he was engaging in abuse and/or misconduct.

47.     As a direct and proximate result of the conduct of the defendants, the plaintiff was sexually assaulted.

48.     As a direct and proximate result of the conduct of the defendants, the plaintiff was caused to suffer injuries of a pecuniary nature, including, but not limited to, experiencing pain and suffering, loss of normal life, and emotional distress, said injuries continuing and being of an ongoing nature.

### Count 1 – Negligence against Eagle Village, Inc. (Vicarious Liability)

1.     Plaintiff repeats and realleges paragraphs 1-48 as paragraph 1 of Count 1.

2.     At all times relevant, the defendant EVI, by and through its employee, actual agent, implied agent, or apparent agent Hanna, had a duty to act with ordinary care towards the minor plaintiff and to be free from negligence.

3.     Notwithstanding this duty, the defendant EVI was negligent in one or more of the following manners:

      a.     Engaged in inappropriate communications with the minor plaintiff;

      b.     Engaged in inappropriate and unconsented touching of the minor plaintiff;

      c.     Engaged in oral sex with the minor plaintiff;

      d.     Attempted to engage in anal sex with the minor plaintiff;

      e.     Assaulted the minor plaintiff;

4.      As a direct and proximate result of one or more of the following acts and/or omissions by EVI, the plaintiff was caused to suffer injuries, including but not limited to, pain and suffering, loss of normal life, mental anguish, and the incursion of medical treatment and bills, said injuries being of an ongoing nature

WHEREFORE, the plaintiff, John Doe, respectfully requests that the Court enter a judgement in his favor against defendant, Eagle Village, Inc., for whatever amount the trier of fact determines to be fair and just, plus interest, attorney's fees, costs of suit, and for such other and further relief which the Court may deem proper.

### Count 2 – Negligence against Eagle Village, Inc.

1.      Plaintiff repeats and realleges paragraphs 1-48 as paragraph 1 of Count 2.

2.      At all times relevant, the defendant EVI had a duty to act reasonably careful and to avoid inappropriate misconduct and/or sexual misconduct.

3.      At all times relevant, the defendant EVI. had a duty to act reasonably careful with respect to the hiring, training, supervision, and retention of its employees.

4.      At all times relevant, the defendant EVI had a duty to report child abuse when a reasonable belief existed it occurred, pursuant to Act 238 of 1975, MCL §722.623, et seq., and all other applicable child abuse reporting requirement laws.

5.      Notwithstanding this duty, the defendant EVI breached its duty towards the plaintiff in one or more of the following ways.

   a.   Negligently retained Hanna;

   b.   Negligently trained Hanna;

   c.   Negligently supervised Hanna;

   d.   Failed to maintain a reasonably safe environment for residents of the facility, including the minor plaintiff;

8

    e.   Allowed an environment where employees and staff members were allowed to engage in misconduct towards residents;

    f.   Failed to recognize, stop, and/or deter employees and staff from creating an unsafe environment for residents of the facility;

    g.   Failed to adequately inquire of employee Hanna despite evidence of misconduct towards the minor plaintiff;

    h.   Failed to adequately inquire of the minor plaintiff, an at-risk youth, whether he was being subject to misconduct by employee Hanna despite a reasonable belief of its existence;

    i.   Failed to report abuse of the minor plaintiff despite there being a reasonable belief of its existence

6.    As a direct and proximate result of one or more of the following acts and/or omissions by EVI, the plaintiff was caused to suffer injuries, including but not limited to, pain and suffering, loss of normal life, mental anguish, and the incursion of medical treatment and bills, said injuries being of an ongoing nature

WHEREFORE, the plaintiff, John Doe, respectfully requests that the Court enter a judgement in his favor against defendant, Eagle Village, Inc., for whatever amount the trier of fact determines to be fair and just, plus interest, attorney's fees, costs of suit, and for such other and further relief which the Court may deem proper.

### Count 3 – Section 1983 – Violation of 14th Amendment against Hanna

1.    Plaintiff repeats and realleges paragraphs 1-48 as paragraph 1 of Count 3.

2.    At all times relevant, the United States Constitution's Fourteenth Amendment provides that the State shall not deprive any person of life, liberty, or property.

3.    At all times relevant, the minor plaintiff had a constitutional right to be free from unnecessary pain and to be kept in a safe environment while in the custody of the state of Michigan.

4.      At all times relevant, the minor plaintiff had a constitutional right to be free from unnecessary pain and to be kept in a safe environment by the agents and/or employees of the state of Michigan.

5.      At all times relevant, defendant Hanna, while working at EVI, was acting on behalf of the state of Michigan.

6.      The defendant Hanna's conduct, as set forth above, violated the minor plaintiff's constitutional right to be free from unnecessary pain and to be kept in a safe environment while in the custody of the state of Michigan.

7.      The defendant Hanna's conduct, as set forth above, represented a conscious disregard for the minor plaintiff's constitutional right to be free from unnecessary pain and to be kept in a safe environment while in the custody of the state of Michigan.

8.      As a direct and proximate result of defendant Hanna's conduct, the plaintiff was caused to suffer constitutional violations which resulted in injuries that include, but are not limited to, pain and suffering, loss of normal life, mental anguish, and the incursion of medical treatment and bills, said injuries being of an ongoing nature.

WHEREFORE, the plaintiff, John Doe, respectfully requests that the Court enter a judgement in his favor against defendant, Dezmond Hanna, for whatever amount the trier of fact determines to be fair and just, plus interest, attorney's fees, costs of suit, and for such other and further relief which the Court may deem proper.

### Count 4 – Section 1983 – Violation of 14th Amendment against Eagle Village, Inc. (Vicarious Liability)

1.      Plaintiff repeats and realleges paragraphs 1-48 as paragraph 1 of Count 4.

2.      At all times relevant, the United States Constitution's Fourteenth Amendment provides that the State shall not deprive any person of life, liberty, or property.

10

3.     At all times relevant, the minor plaintiff had a constitutional right to be free from unnecessary pain and to be kept in a safe environment while in the custody of the state of Michigan.

4.     At all times relevant, the minor plaintiff had a constitutional right to be free from unnecessary pain and to be kept in a safe environment by the agents and/or employees of the state of Michigan.

5.     At all times relevant, defendant Hanna, while working at EVI, was acting on behalf of the state of Michigan.

6.     The conduct of defendant EVI, by and through its agent and/or employee Hanna, as set forth above, violated the minor plaintiff's constitutional right to be free from unnecessary pain and to be kept in a safe environment while in the custody of the state of Michigan.

7.     The conduct of defendant EVI, by and through its agent and/or employee Hanna, as set forth above, represented a conscious disregard for the minor plaintiff's constitutional right to be free from unnecessary pain and to be kept in a safe environment while in the custody of the state of Michigan.

8.     As a direct and proximate result of defendant EVI's conduct, the plaintiff was caused to suffer constitutional violations which resulted in injuries that include, but are not limited to, pain and suffering, loss of normal life, mental anguish, and the incursion of medical treatment and bills, said injuries being of an ongoing nature

WHEREFORE, the plaintiff, John Doe, respectfully requests that the Court enter a judgement in his favor against defendant, Eagle Village, Inc., for whatever amount the trier of fact determines to be fair and just, plus interest, attorney's fees, costs of suit, and for such other and further relief which the Court may deem proper.

**Count 5 – Section 1983 – Violation of 14th Amendment against Eagle Village, Inc. (*Monell Claim*)**

1.     Plaintiff repeats and realleges paragraphs 1-48 as paragraph 1 of Count 5.

2.     At all times relevant, the United States Constitution's Fourteenth Amendment provides that the State shall not deprive any person of life, liberty, or property.

3.     At all times relevant, the minor plaintiff had a constitutional right to be free from unnecessary pain and to be kept in a safe environment while in the custody of the state of Michigan.

4.     At all times relevant, the minor plaintiff had a constitutional right to be free from unnecessary pain and to be kept in a safe environment by the agents and/or employees of the state of Michigan.

5.     At all times relevant, defendant EVI had an official policy or custom of allowing unqualified agents and employees who were bereft of the knowledge, education, and training needed to fulfill their requirements to protect foster children from abuse and neglect, and to otherwise understand and comply with the requirements of Michigan's Child Protection Act.

6.     At all times relevant, defendant EVI had an official policy or custom of hiring inexperienced workers who were not familiar with mandatory reporting requirements relating to the abuse.

7.     At all times relevant, defendant EVI had an official policy or custom of not training its employees to become familiar with mandatory reporting requirements relating to the abuse.

8.     At all times relevant, defendant EVI had an official policy or custom of dissuading its employees who observed abuse from complying with mandatory reporting requirements relating to the abuse.

9.     As a direct and proximate result of EVI's official policies and customs, the plaintiff was subject to abuse and neglect, unnecessary pain, and was subject to an unsafe environment.

10.     As a direct and proximate result of EVI's official policies and customs, the plaintiff was caused to suffer constitutional violations which resulted in injuries that include, but are not limited to, pain and suffering, loss of normal life, mental anguish, and the incursion of medical treatment and bills, said injuries being of an ongoing nature

WHEREFORE, the plaintiff, John Doe, respectfully requests that the Court enter a judgement in his favor against defendant, Eagle Village, Inc., for whatever amount the trier of fact determines to be fair and just, plus interest, attorney's fees, costs of suit, and for such other and further relief which the Court may deem proper.

### Jury Demand

The plaintiff, John Doe, hereby demands a trial by jury in this cause of action.

LAW OFFICE OF KEVIN J. GOLDEN

Date:  March 14, 2023                    By:     /s/ *Kevin J. Golden*

Kevin J. Golden (P84958)
Law Office of Kevin J. Golden
38 Main Street
Three Rivers, Michigan 49093
(269) 858-5585